IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Salinas,<br><br>    Petitioner,<br><br>vs.<br><br>Ontiveros, Warden; Attorney General of the State of Arizona,<br><br>    Respondents. | No. CIV 06-1005-PHX-JWS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

    Martin Salinas filed a timely petition for writ of habeas corpus, challenging his conviction in Maricopa County Superior Court for first degree murder, and the imposition of a life sentence. He raises four grounds for relief: (1) the trial court's finding that he waived counsel was unconstitutional; (2) the state's use of perjured testimony was unconstitutional; (3) the existence of newly discovered evidence required vacating the conviction and sentence; and (4) the court imposed an illegal sentence. Respondents argue that Grounds II, III and IV are procedurally defaulted and that Ground I is without merit. The Court recommends that Salinas's petition be denied and dismissed with prejudice.

**EXHAUSTION OF REMEDIES**

    A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In

1 Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by 2 properly pursuing them through the state's direct appeal process or through appropriate post-3 conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v.* 4 *Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  A claim has been fairly presented if the petitioner 5 has described both the operative facts and the federal legal theory on which the claim is 6 based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994), *overruled* 7 *on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini* 8 *v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001).  The exhaustion requirement will not be met 9 where the Petitioner fails to fairly present his claims.  *Roettgen*, 33 F.3d at 38.

10 If a petition contains claims that were never fairly presented in state court, the federal 11 court must determine whether state remedies remain available to the petitioner. *See Rose v.* 12 *Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) 13 (O'Connor, J., concurring).  If remedies are available in state court, then the federal court 14 may dismiss the petition without prejudice pending the exhaustion of state remedies.  *Id.* 15 However, if the court finds that the petitioner would have no state remedy were he to return 16 to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489 17 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989).  The federal 18 court may decline to consider these claims unless the petitioner can demonstrate that a 19 miscarriage of justice would result, or establish cause for his noncompliance and actual 20 prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 21 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 22 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

23 Further, a procedural default may occur when a Petitioner raises a claim in state court, 24 but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S. 25 at 730-31.  In such cases, federal habeas review is precluded if the state court opinion 26 contains a plain statement clearly and expressly relying on a procedural ground "that is both 27 'independent' of the merits of the federal claim and an 'adequate' basis for the court's 28 decision." *See Harris*, 489 U.S. at 260.  A state procedural default ruling is "independent"

unless application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, just as in cases involving defaulted claims that were not fairly presented, federal habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

## DISCUSSION

In Ground II, Salinas alleges "[t]he unconstitutional use by the state of perjured testimony" (Doc. #1 at 6). Respondents contend that Salinas never presented this claim to the State Court as a federal claim. In his petition for post-conviction relief, he alleged "[t]he unconstitutional use by the state of perjured testimony." See Doc. #7, Exh H. In addition, he attached to his affidavit in support of the state court petition what appears to be a partial transcript of a pretrial hearing where defense counsel argued that certain testimony shouldn't be admitted at trial *inter alia*, because of Confrontation Clause problems.[1] However, nowhere in the transcript is the argument made that any proposed testimony is perjured. In addition, in his post-conviction petition Salinas does not point out the alleged perjured testimony to which he is referring, raising the question of whether he has "described both the operative facts and the federal legal theory on which the claim is based" as required for a fair presentation. *Schell*; *Tamalini*. Assuming *arguendo* that this sufficiently alerted the state court to the operative facts and the federal nature of the claim, that does not end the inquiry. His claim before this Court is different: that the victim's statement as a dying declaration was perjured testimony, made prior to trial counsel and the State's receipt of all the evidence

---

[1] Respondents have not attached to their Answer Salinas' petition for review of the denial of his post-conviction petition; they only included the court of appeals order denying review. The Court will assume he reurged his arguments initially made before the trial court.

(Doc. #1 at 6). He does not argue a violation of the Confrontation Clause, and for the first time specifically identifies the alleged perjured testimony as "the victim's statement as a dying declaration." Even if the Court concluded that he fairly presented the claim contained in his post-conviction petition in state court, he has not fairly presented *this* claim in state court, and it is therefore unexhausted. *Roettgen*. Because he would have no state remedy were he to return to the state court, this claim is procedurally defaulted. *Teague*. In addition, he has not demonstrated a miscarriage of justice or cause and actual prejudice to excuse the default. *Coleman*.[2]

Ground III is a continuation of his second ground. He alleges "the existence of newly-discovered material which require[s] the court to vacate the conviction or sentence" *Id*. at 7. This ground was less than clearly presented to the trial court. In his post-conviction petition, he did check the box on the form indicating the above argument. And he did attach a partial transcript highlighting Salinas's questioning of a detective about the recovery of a denim coat from some backpack at some residence which the trial court would undoubtedly recognize in its proper context, along with certain information the victim told the detective about the description of Salinas's car. Even being able to put that testimony in context, the trial court would still not be alerted to any federal constitutional basis for the claim, because it was never mentioned by Salinas. The Court finds that this ground was not fairly presented in the State Court, and because a return to state court would be futile, it is procedurally defaulted. *Teague*. Finally, he has shown no cause or prejudice to excuse the default. *Coleman*.

In Ground IV, Salinas contends, as he did in his post-conviction petition, that the trial court committed sentencing error. In finding no error, the trial court stated:

> It should first be noted that Defendant made no claim of error regarding his sentencing in his appeal. But since that time the Supreme Court decided *State v. Viramontes*, 204 Ariz. 360, 64 P.3d 188 (2003). Assuming that that ruling is retroactive to Defendant's sentencing, this Court re-examined the sentencing. It is clear that during the Court's comments there are no findings

---

[2]Even if the claim was properly exhausted, the Supreme Court has held that *Crawford v. Washington*, 541 U.S. 36 (2004), does not apply retroactively to cases on collateral review. *Whorton v. Bockting*, 127 S.Ct. 1173, 1184 (2007).

of any aggravating or mitigating factors under § 13-702 or § 13-703. The Court's comments are general in nature and do not reflect any findings. Because the Court did not make use of the § 13-702 factors to decide the Defendant's sentence, there is no error.

(Doc. #7, Exh I).

It is well-settled that alleged errors of state law are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In Ground I, Salinas argues that his waiver of counsel was a violation of the right to counsel under the Sixth Amendment and a violation of his right to due process under the Fifth and Fourteenth Amendments (Doc. #1 at 5). A waiver of trial counsel must be competent and intelligent in order to be valid. *See Faretta v. California*, 422 U.S. 806, 835 (1975). A factual determination made by the state court is presumed to be correct. *See* 28 U.S.C. § 2254(e)(1). The Court has reviewed the state court record. Just prior to voir dire, Salinas informed the trial court that he wished to proceed pro per because he and trial counsel had "different points of view on the case" and he wanted "to be the person arguing" Doc. #7, Exh K, R.T. 9/6/2000 at 2. The trial court explained to Salinas the great disadvantage he faced representing himself without knowledge of the law (*Id.*). In addition, by choosing to represent himself, the trial court explained that Salinas was "throwing away" the legal training and "excellent reputation" of his trial counsel (*Id.* at 3). Concerning the penalties Salinas faced, the trial court stated:

> You're facing the most serious charge that a person can face in this courtroom, murder in the first degree. It is not a good case for your first trial. No prosecutor, no defense attorney would ever be allowed to start off with their first trial with a case of this importance. They might start with misdemeanors or very low-grade felonies, but never anything this serious. So I think you would be making a giant mistake by representing yourself.

(*Id.* at 3-4).

The trial court mentioned several times that representing himself would put Salinas at a real disadvantage; he also admonished Salinas to think very seriously about the decision. He also made clear that it was, in the end, Salinas's "right to make a big mistake," but that "the morning before trial...minutes before we start picking a jury is not a good time to make this decision either" (*Id.* at 5-6). Finally, Salinas was reminded that he "could change his

1  mind at any time" (*Id*. at 10).  The Court finds that the trial judge advised Salinas repeatedly
2  of the risks and disadvantages of self-representation, and repeatedly advised him to continue
3  with his current representation.  There was sufficient evidence for the trial judge to conclude
4  that Salinas's waiver was competent and intelligent.  *See Faretta*.

5  **IT IS THEREFORE RECOMMENDED** that Martin Salinas's petition for writ of
6  habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

7  This recommendation is not an order that is immediately appealable to the Ninth
8  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
9  Appellate Procedure, should not be filed until entry of the district court's judgment.  The
10 parties shall have ten days from the date of service of a copy of this recommendation within
11 which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1); Rules
12 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within
13 which to file a response to the objections.  Failure timely to file objections to the Magistrate
14 Judge's Report and Recommendation may result in the acceptance of the Report and
15 Recommendation by the district court without further review.  *See United States v. Reyna-*
16 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual
17 determinations of the Magistrate Judge will be considered a waiver of a party's right to
18 appellate review of the findings of fact in an order or judgment entered pursuant to the
19 Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

20 DATED this 14th day of September, 2007.

David K. Duncan
United States Magistrate Judge